UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | No. 5:16-CR-22-DCR-REW |
| v. | ) ) ) | |
| DAVID BLACK DAUGHERTY and ALFRED BRADLEY ADKINS, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) ) | |

*** *** ***

Defendants David Black Daugherty, a former Social Security Administration Administrative Law Judge, and Alfred Bradley Adkins, a clinical psychologist, face an Indictment charging each with numerous counts, centering on an alleged 8 year Social Security fraud scheme involving thousands of claims and $600 million in alleged losses. *See* DE #1 (Indictment).

Defendants Daugherty and Adkins separately, but harmoniously, moved for bills of particulars. DE ##129, 136 (Motions). The United States responded in opposition. DE #146, 147 (Responses). Daugherty received permission to, and did, reply. DE #157 (Reply). The matters are ripe for consideration. For the following reasons, the Court **DENIES** DE ##129 and 136.

*Legal Standard*

The Court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to give a defendant key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid

1

surprise at trial." *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014); *see also United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (setting out three purposes of a bill of particulars: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes"). It is meant "as a tool to minimize surprise," not to entitle the defendant "to discover all the overt acts that might be proven at trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The decision to grant a bill of particulars "is within the sound discretion of the trial court." *Id.* Put another way, a bill of particulars "is meant to apprise the defendant of the essential facts of a crime and should be required only where the charges of an indictment are so general that they do not advise a defendant of the specific facts of which he is accused." *United States v. Kerik*, 615 F. Supp. 2d 256, 277 (S.D.N.Y. 2009) (quotation marks and citation omitted). "The bill of particulars is not intended as 'a means of learning the government's evidence and theories.'" *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

*Analysis—Daugherty's Motion*

The Court initially comments on the structure of its handling of the motions. Although Daugherty's reply substantially clarifies and narrows his request, Adkins's motion stands as filed. Accordingly, the Court separates the analyses and conducts an appropriate evaluation of each motion, although the motions request substantially the same information and the analysis, to a large extent, overlaps.

Daugherty disclaims any argument concerning: (1) whether the Indictment adequately describes the charges, (2) identification of Government trial exhibits, (3) identification of Government case theories or strategies, and (4) disclosure of overt acts. DE #157, at 2-3.

According to Daugherty, he only seeks identification, via the Rule 7(f) mechanism, of "which claimant files [the Government] will . . . offer[] into evidence or otherwise rel[y] upon or refer[] to . . . at trial." DE #157, at 1.[1] Defendant is explicit: "[h]e only seeks a listing of the claimant files that will be relied upon by the government at trial." *Id.* at 3. Perplexingly, although Daugherty wants to know the claimant files that will "be part of the government's proof at trial"—*i.e.*, the precise evidence to be offered—he also professes to "not ask the government to identify its trial exhibits" and to "not seek the government's theories or strategies." *Id.* at 1-2. The Court sees these statements as fundamentally irreconcilable. The Court fails to perceive—and Daugherty does not explain—how Defendant can renounce desiring "trial exhibits" and "theories or strategies" while simultaneously explicitly seeking "the government's proof at trial." *See id.* "[A] listing of the claimant files that will be relied upon by the government at trial" sounds a lot like an exhibit list, to the Court.

A bill of particulars, as the Sixth Circuit repeatedly makes clear, is not intended to force the Government to disclose or identify its trial evidence. *Salisbury*, 983 F.2d at 1375; *Musick*, 291 F. App'x at 724; *United States v. Vassar*, 346 F. App'x 17, 20 (6th Cir. 2009); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004); *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir. 1976) (holding that a request for a bill of

---

[1] Daugherty represents that the Government sufficiently responded to two original motion requests, rendering those as without need for Court resolution. DE #157, at 1 n.1.

3

particulars naming "all the Government's witnesses" was improper).[2] "The proper scope and function of a bill of particulars is not to obtain disclosure of evidence . . . to be offered by the Government at trial." *United States v. Reddy*, 190 F. Supp. 2d 558, 565 (S.D.N.Y. 2002).

Additionally, as may be relevant to Daugherty's request, "Rule 16 itself does not require the government to disclose [*i.e.*, to identify or designate specifically] which evidence it intends to use at trial[.]" *United States v. Allen*, No. 3:12-CR-90-TAV-HBG, 2014 WL 3579373, at *4 (E.D. Tenn. July 21, 2014). Put simply: "Rule 16 does not require that the government disclose its exhibit list to defendant[]." *Id.* As a corollary, "defendants cannot obtain lists of prosecution witnesses as a matter of right[.]" *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980). "Ordinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." *United States v. Davis*, 306 F.3d 398, 420 (6th Cir. 2002) (quoting *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993)).

One district court explained, in the context of denying motions for a bill of particulars, a witness list, and an exhibit list: "A witness list is not an appropriate subject of a bill of particulars but is, instead, an attempt to discover the Government's evidence in the case. *See Salisbury*, 983 F.2d at 1375 (holding that a bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial')." *United States v. Kincaid*, No. 3:10-CR160, 2013 WL 3991796, at *8-*13 (E.D. Tenn. Aug. 2, 2013). This makes good sense; a bill of

---

[2] Of the cases Daugherty cites in the substantive argument—summarized at DE #157, at 2—none is a Sixth Circuit case. Just one is from an intra-Circuit district court. *See* DE #129, at 2-3. The only Circuit-level authority Daugherty marshals is from the Second Circuit.

4

particulars—an early opportunity for a defendant to get "key factual information not contained in the indictment," *see Page*, 575 F. App'x at 643—is not meant to restrict *in limine* the prosecution's ability to offer proof at trial.[3]

This District has confirmed these fundamental principles, time and again. *See, e.g.*, *United States v. Ingram*, No. 5:15-78-KKC, 2016 WL 1239976, at *2 (E.D. Ky. Mar. 29, 2016) ("[I]t would be improper to use a bill of particulars to compel the Government to disclose the manner in which it will prove the charges or preview its evidence of legal theory."); *United States v. Lockhart*, No. 7:12-08-ART-HAI, 2012 WL 5867065, at *11 (E.D. Ky. Oct. 29, 2012) ("[A] bill of particulars is not designed to substitute for pretrial discovery, and it is **not to be used to provide detailed disclosure of the government's evidence at trial**." (internal citations and quotation marks removed; emphasis added)); *United States v. Maricle*, No. 6:09-16-S-DCR, 2009 WL 4168974, at *2 (E.D. Ky. Nov. 20, 2009) ("[D]emands for the 'whens, wheres, and hows' of the alleged offenses . . . far exceed the purposes of a bill of particulars; Rule 7(f) is a rule calculated toward adequacy of notice, not a rule designed to foster discovery or disclosure of case strategy. An indictment that provides sufficient notice of charged conduct satisfies the purposes of the Rule and requires no compelled particularization." (some internal quotation marks removed)). Other intra-Circuit district courts follow suit, including in squarely analogous circumstances. *See, e.g.*, *United States v. Elhorr*, No. 13-20158, 2014 WL 5511502, at *3 (E.D. Mich. Oct. 31, 2014) (denying motion for bill of particulars that requested, for example, "the specific Medicare claims involved in the

---

[3] Additionally, here, the Court previously ordered the United States to submit *in camera* witness and exhibit lists on or before the pretrial conference. *See* DE ##19 and 53 (Pretrial Orders), at ¶ 10.

alleged conspiracy" because the requests were "not proper subjects of a bill of particulars").

Indeed, "a Bill of Particulars is not to be used as a general discovery device," a maxim that "is particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *United States v. Hayes (Harry Walker)*, 884 F.2d 1393, 1989 WL 105937, at *4 (6th Cir. Sept. 14, 1989) (table). Because Daugherty's "indictment [i]s not so vague that [he] could not discern the nature of the charges against him," and because Daugherty's "request for a Bill of Particulars . . . attempt[s] to obtain additional information regarding the conspiracy [*i.e.*, the precise evidence to be admitted at trial], and as such, amounts to a general discovery request," the motion leads to no relief. *See id.* Indeed, the Indictment details with precision the scope and parameters (temporally, locationally, and substantively) of the alleged scheme, identifies the players, and identifies the particular types of acts, including resultant document categories, characterizing operation of the conspiracy.

The Court well understands the complexity and scope of the discovery in the case, but the Sixth Circuit has never recognized even extraordinarily dense or voluminous discovery as a justification to order a bill of particulars. To the contrary, the Circuit has cited and approved a case's "significant discovery" as "provid[ing] the defendant with information about the details of the charges against him," obviating any need for a bill of particulars. *Musick*, 291 F. App'x at 724. Given the detailed Indictment and explanatory discovery transmittals by the prosecutor, Daugherty's "access to all of the pertinent information necessary to prepare his defense and avoid unfair surprise" eliminates the

6

need for a bill of particulars. *Id.* at 725; *see also, e.g.*, *United States v. Martin*, 822 F.2d 1089, No. 86-1663, 1987 WL 38036, at *3 (6th Cir. July 14, 1987) (*per curiam*) ("If there has been full disclosure by the Government, as there was in the instant case, the need for a bill of particulars is obviated."); *United States v. Anvari-Hamedani*, 354 F. Supp. 2d 768, 769 (N.D. Ohio 2005) ("Where the defendant is aware of the facts and circumstances leading to this prosecution a bill of particulars is not necessary in order to avoid surprise at trial or to permit the Defendant to prepare for trial." (internal quotation marks and alteration omitted)); *Williams v. United States*, Nos. 2:13-cv-1124, 2:08-cr-186(2), 2015 WL 3867257, at *8 (S.D. Ohio June 23, 2015) (finding no ineffective assistance for failing to request a bill of particulars when "information provided during the course of discovery offer[ed] sufficient detail to enable the defendant to prepare a defense").

In fact, the Sixth Circuit has thrice explicitly addressed *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) (*per curiam*), the case on which Daugherty appears to most heavily rely. Each discussion has treated *Bortnovsky* negatively.

First, consider *United States v. Dolan*, 99 F.3d 1140, No. 95-1769, 1996 WL 599819 (6th Cir. Oct. 17, 1996) (table). *Dolan* involved a 38-count mail fraud scheme centering on an endodontist defrauding insurance companies via false billing. *Id.* at *1. Dolan argued that "the alleged scheme remained 'shrouded in mystery'" at the time of trial and, thus, that the district court erred in denying a bill of particulars, citing *Bortnovsky*. *Id.* at *2. The Sixth Circuit disagreed, distinguishing *Bortnovsky* based on the case's extensive discovery (including "a binder containing every document") and the indictment's plain sufficiency. *Id.* The Circuit summed up:

> [D]efendant had adequate access to all materials, including files, seized from his office. In denying defendant's motion, the trial court took note of defendant's access to the patient records and held that the indictment was sufficiently specific to permit defendant to prepare his defense, to prevent unfair surprise at trial, and to raise a double jeopardy bar to subsequent prosecution. Thus, denial of defendant's motion was not an abuse of discretion.

*Id.*

Next, take *United States v. Younes*, 194 F. App'x 302 (6th Cir. 2006). There, the Sixth Circuit rejected reliance on *Bortnovsky* because, unlike in *Bortnovsky*, the *Younes* indictment "provided the general dates of the falsifications, and the defendants had sufficient notice of their suspected roles in the fraud." *Id.* at 310 (stating that the *Bortnovsky* citation "do[es] not alter [the] conclusion" as to the lack of an abuse of discretion).

Finally, in *Page*, the Sixth Circuit *again* rejected reliance on *Bortnovsky*, explicitly acknowledging the "mountain of documents" in discovery comment but instead perceiving "ample discovery" as weakening—not strengthening—the case for a bill of particulars. 575 F. App'x at 643. The Court of Appeals particularly cited *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005) for the proposition that "full access to discovery further weakens the case for a bill of particulars." *Page*, 575 F. App'x at 643 (internal quotation marks removed).

These cases rejecting the *Bortnovsky* holding apply on all fours to Daugherty. As in *Dolan* (a similar medical-related fraud-centered case), Daugherty's "adequate access to all [discovery] materials" and full "access to the patient records" render a bill of particulars unnecessary. 1996 WL 599819, at *2. Just as in *Younes*, Daugherty's citation to *Bortnovsky* "do[es] not alter [the Court's] conclusion" regarding a bill of particulars

8

when the Indictment is sufficiently detailed (as Defendant does not contest) and Daugherty "ha[s] sufficient notice of [his] suspected role[] in the fraud." 194 F. App'x at 310. Finally, as the Sixth Circuit has affirmed multiple times, the "ample discovery" as to Daugherty only "further weakens the case for a bill of particulars." *Page*, 575 F. App'x at 643. Daugherty's contrary position finds no support in the law of this Circuit.[4]

The Second Circuit's theory guards against the perceived problem opposite from the normal work of a bill of particulars—*excess* information. Thus, *Bortnovsky* addresses the difficulties with a "mountain of documents," 820 F.2d at 575, or "dumping massive amounts of documents," *United States v. Phillips*, No. 1:11CR180, 2011 WL 3704114, at *5 (N.D. Ohio Aug. 22, 2011) (still rejecting reliance on *Bortnovsky* because, there, in contrast, the indictment "failed to provide any information which would have put the discovery into context"). The Sixth Circuit has not embraced that notion, and one court dissed *Bortnovsky* as "a decades-old out-of-circuit case." *United States v. Banyan*, No.

---

[4] Daugherty's reliance on *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998), is similarly misplaced. There, the Second Circuit found **no** abuse of discretion in denying a bill of particulars *even though* "the indictment provided not a shred of detail" and the "conspiracy count cover[ed] a complex series of events over a number of years, but provide[d] only the bare bones of the charge[.]" *Id.* at 665-66. The Court also notes the manifest differences between the Second and Sixth Circuits vis-à-vis bill of particulars law: it was, for example, "of no consequence" to the Second Circuit "that the requested information would have required the disclosure of evidence or the theory of the prosecution." *Id.* at 665. As the Court has extensively documented, that is not the law in the Sixth Circuit. Similarly, although Daugherty cites *United States v. Higdon*, 68 F. Supp. 3d 807 (E.D. Tenn. 2014), Defendant ignores the holding. In that case, despite a lengthy alleged conspiracy period (6 years), the court "f[ou]nd[] that a bill of particulars . . . [wa]s not necessary" because "the Government ha[d] provided the Defendant with discovery" and other information particularizing Defendant's involvement. *Id.* at 812. *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988), which Defendant also cites, is similarly inapposite. There, the Second Circuit found that the district court abused its discretion in denying a bill of particulars when Davidoff was "confronted with evidence" at trial "aimed at entirely different companies" that were not identified in the indictment and concerning other "uncharged acts of racketeering." *Id.* at 1152, 1154. That is not the case here, where the Indictment carefully delineates the conspiracy charged, and the United States has identified the universe of potential trial evidence.

3:14-cr-101-2, 2015 WL 5254372, at *2 (M.D. Tenn. Sept. 9, 2015). Even where it applies, the theory focuses on remedying an indictment that inadequately fails to illuminate or give guidance as to an overwhelming field of information. *Id.* (noting that in *Bortnovsky*, "the government did not in any way identify" relevant events and "produced documents that were disproportionately related to incidents *not* at issue in the case" (emphasis in original)); *United States v. Aispuro*, No. 08-2936 JB, 2010 WL 1404196, at *6 (D.N.M. Mar. 16, 2010) (criticizing "voluminous unorganized discovery" and saying *Bortnovsky* involved a case where the defense had volume of records but was "left unguided as to which documents" mattered). As one district court in the Second Circuit stated, "[T]he mere fact that voluminous discovery has been provided is not enough by itself to require a bill of particulars." *United States v. Nicolo*, 523 F. Supp. 2d 303, 316-17 (W.D.N.Y. 2007) ("This is hardly a situation, then, in which defendants, faced with an indictment that does little more than track the language of the statute, have had an undifferentiated mass of documents dumped on them at the eleventh hour, or where the defendants remain in the dark about the specific acts of which they are accused." (internal quotation marks and alterations removed)).

Here, the United States has told the defense exactly which document categories matter and has identified each suspect medical provider. Further, the Government has specified the fabricated RFC files and has provided digital, searchable records and the means for mining each sub-category. Given the particularized Indictment, the complete and thorough discovery, and the mapping provided by the prosecutor, Rule 7(f) has no work to accomplish here. Recall further that the United States characterizes essentially every file it has produced as potential trial evidence. This means the evidentiary field

indeed is very large, but that field is fully available to the defense. Its expansive breadth mirrors the breadth of the charged conspiracy, which covers 7+ years and 2,000 claimants.[5]

For all these reasons, the Court wholly **DENIES** DE #129.[6]

*Analysis—Adkins's Motion*

Adkins, via the bill of particulars mechanism, specifically seeks "the identities of" the "claimant files [concerning which he] is alleged to have fraudulently conducted mental health examinations and signed residual functional capacity (RFC) reports[.]" DE #136, at 1; *see also* DE #136-1, at 2 (seeking identification of "which claimant files the Government is alleging the Defendant p[er]formed fraudulently"). Adkins wants "the Government [to] disclos[e] which files [it] intend[s] to introduce at trial." *Id.* The United States opposes. DE #147 (Response). The Court addresses the variety of issues upon which the motion touches and denies DE #136 for substantially the same reasons as above—and more.

As a starting point, the lengthy and detailed Indictment as to Adkins plainly adequately "inform[s him] of the nature of the charge[s] against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense[.]" *Birmley*, 529 F.2d at 108. Foundationally, no bill of

---

[5] In many respects, the Court views the defense as attempting to use Rule 7(f) as a tool of trial management. It may be that Judge Reeves, in planning and structuring the trial, will perceive the need for more advance structuring than is typical, but that subject matter does not fall under the Rule 7(f) umbrella.

[6] The Court encourages continuing cooperation on search efficacy as to the digital records. The parties do not paint the same picture on the status of defense search capability. Whatever options the parties may explore, Rule 7(f) provides no avenue for such discovery-related relief.

particulars is required because "[t]he indictment set[s] forth the charges in considerable detail[.]" *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986); *see also, e.g.*, *Maricle*, 2009 WL 4168974, at *2 ("No bill of particulars is needed where the indictment is sufficiently detailed."). Indeed, Adkins does not specifically contend otherwise. Presented with an indictment of this thoroughness and discovery of this volume, Defendant has no need to obtain undefined omitted "key factual information . . . so as to enable him . . . to prepare a defense and avoid surprise at trial." *Page*, 575 F. App'x at 643.

Additionally, the case's extensive discovery "provides the defendant with information about the details of the charges against him necessary to the preparation of his defense, prevents prejudicial surprise at trial[,] and precludes a second prosecution for the same crimes[.]" *Musick*, 291 F. App'x at 724. Discovery providing "access to all of the pertinent information necessary to prepare [a] defense and avoid unfair surprise"— which Adkins has certainly received in this case—eradicates the need for a bill of particulars. *Id.* at 725; *see also, e.g.*, *Martin*, 1987 WL 38036, at *3 ("If there has been full disclosure by the Government, as there was in the instant case, the need for a bill of particulars is obviated."); *Anvari-Hamedani*, 354 F. Supp. 2d at 769; *Williams*, 2015 WL 3867257, at *8. The Court also incorporates and applies its prior discussion of *Dolan*, *Younes*, and *Page* to Adkins, who similarly raises a *Bortnovsky*-dependent argument. *See* DE #136-1, at 3.

Finally, for all the reasons discussed above, a bill of particulars, as Adkins seeks to employ the device, is inappropriate as a general discovery tool. Seeking a bill of particulars is an improper way to request compelled itemization of the Government's

evidence, the exhibits the United States intends to introduce at trial, and the prosecution theories. The Court incorporates its extensive prior discussion on these topics as to Daugherty, which fully applies here. Adkins *explicitly* seeks identification of "which files [the Government] intend[s] to introduce at trial." DE #136-1, at 2. Rule 7(f) definitively provides no avenue to obtain such information. *Salisbury*, 983 F.2d at 1375; *Musick*, 291 F. App'x at 724; *Vassar*, 346 F. App'x at 20; *Crayton*, 357 F.3d at 568; *Largent*, 545 F.2d at 1043-44.

*Conclusion*

For these reasons, the Court wholly **DENIES** DE ##129 and 136.

*   *   *   *   *

The Court issues this Order resolving non-dispositive pretrial matters[7] under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Criminal Procedure 59(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This 28th day of February, 2017.



Signed By:
*Robert E. Wier*
United States Magistrate Judge

---

[7] *See, e.g.*, *United States v. Schrader*, No. 14-50049-01-KES, 2014 WL 3752360, at *3 n.2 (D.S.D. July 30, 2014) ("[A] request for a bill of particulars is a nondispositive matter." (citing cases)).